## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

**DEANNA BUNCH and KEVIN BUNCH, Individually, and as parents, next friends and guardians of KB, a minor,**

     Plaintiffs,

**v.**

**PACIFIC CYCLE, INC. d/b/a Schwinn Bicycles,**

     Defendant.

**CIVIL ACTION NO. 4:13-cv-00036-HLM**

## PLAINTIFFS' MOTION FOR NEW TRIAL LIMITED TO THE ISSUE OF DAMAGES

Pursuant to Fed. R. Civ. P. Rule 59(a), Plaintiffs move this Court for entry of an Order setting this matter for a retrial limited to the issue of damages only. The Court will recall that the jury returned a verdict for the Plaintiffs, pursuant to a special verdict form submitted by the Defendant (Doc. #152), on May 7, 2015. That verdict was made judgment of this Court on May 8, 2015 (Doc. #171). Plaintiffs move for a retrial on the issue of damages only because the judgment, while correct as to liability, is inadequate as to damages.

Federal law does not allow this Court to increase the judgment by way of additur, as doing so violates the Seventh Amendment. *Dimick v. Schiedt*, 293 U.S. 474 (1935). Accordingly, the only tool that Plaintiffs have at their disposal to correct the inadequacy of the verdict, and judgment rendered thereon, is Fed. R. Civ. P. Rule 59(a).[1] It is appropriate for this Court to order a new trial, limited to damages, under Rule 59(a) because the issues of damages and liability in this case are easily separable, and there is no evidence that the inadequate damages were the result of a compromise on the issue of liability. *Cf. Mekdeci v. Merrell Nat'l Laboratories, Div. of Richardson-Merrell, Inc.*, 711 F2d 1510 (11th Cir. 1983).

## I.     A New Trial Limited to Damages is Appropriate.

The damages portion of the judgment is inadequate in two particulars. First, the special damages shown at trial are $103,597.69. (Exhibit 115). The Defendant did not challenge this amount or even ask Dianna Bunch, the witness through whom this evidence was offered, a single question about medical bills. The jury returned a verdict for medical expenses in the amount of $50,000.00. This is $53,597.69 less than the uncontroverted amount of medical expenses incurred by Plaintiffs Deanna and Kevin Bunch.

---

[1]     Additionally, Plaintiffs can only seek appellate review of these issues if they have filed a motion for new trial. *Electro Servs., Inc. v. Exide Corp.*, 847 F2d 1524, 1530 (11th Cir. 1988).

Second, the verdict does not reflect the totality of the damages suffered by K.B. The verdict for K.B.'s non-economic losses is inadequate because the jury did not include an amount reflecting her loss of capacity to work and labor as an element of her pain and suffering. The jury did not include this element of her pain and suffering because the Court did not instruct the jury to consider this element of her damages. Plaintiffs offered an instruction that would have aided the jury in its deliberations relating to this element of pain and suffering. (Plaintiffs' Request to Charge No. 29, Doc. 140). When the charge was refused by the Court, Plaintiffs properly preserved their objection.

### A.    Liability Is Not At Issue.

The liability judgment was not a compromise; and damages are separable from liability issues. The verdict form, offered by the Defendant, (Doc. #152), and used by the Court, had four questions. The first related to whether the Defendant's product "was defectively designed at the time it was originally sold?" The jury answered "yes." The second question asked: "was that defect a proximate cause of Plaintiffs' injuries," and again the answer was "yes." The jury was polled by the Deputy Clerk after the verdict was announced and every jury affirmed that the liability answers on the verdict form were what they intended them to be. There is no evidence that there was any compromise by the jurors in answering the liability questions. That the liability questions are separate from

the damages questions lends credence to the idea that damages and liability were treated separately and not intermingled. As to the reasons for the inadequate damages amounts, these are explained by other factors. When the liability and damages issues are separable, as here, a new trial on damages only is appropriate. *E.g., Gasoline Products v. Champlin Refining Co.*, 283, U.S. 494, 500 (1930);

The jury's deliberations lasted for only a few hours. The jury was not rushed. The jury did not ask any questions to the Court relating to liability. However, the jury did ask two questions about damages. These questions are consistent with the jury having had some difficulty finding the right answer for damages, but no issue with liability. This supports a finding that a compromise on liability is not the reason for the inadequate damages. *See, e.g., Burger King Corp. v. Mason*, 710 F.2d 1480, 1487 (11th Cir. 1983)

There is no evidence that the jury compromised on its liability decisions. The Court correctly instructed the jury on liability issues. And, there is plenty of evidence to support the jury's ultimate liability verdict against the Defendant.

### B.    Damages are Inadequate

After the jury completed the portions of the verdict form relating to liability, it moved to damages. There were again two questions for the jury to answer. The first asked the jury how much medical expenses should be awarded

to Dianna and Kevin Bunch, and the second asked the jury to determine the amount of non-economic damages to be awarded to K.B. Both numbers are inadequate. While Federal law, here Rule 59(a), governs whether a new trial should be granted, the sufficiency of damages awarded in this case is decided under state law. *Hattaway v. McMillian*, 903 F2d 1440, 1451 (11th Cir. 1990).

### i.    The Jury Verdict For Reasonable Medical Bills is Inadequate.

The evidence at trial demonstrated that the total reasonable medical bills were $103,597.69. (Exhibit 115). Defendant offered neither evidence nor argument to rebut this amount. In fact, when the bills were offered, with a summary sheet, the Defendant did not object or even inquire about the bills. Georgia law provides that reasonable medical bills necessitated by the Defendant's conduct are an item of damages. *Georgia Pattern Jury Instructions* §66.040; O.C.G.A. §51-12-7. The Court instructed the jury consistent with this law. Given that there was no evidence to show that amount claimed was anything other than the reasonable amount necessitated by K.B.'s injuries, the jury was required to return a verdict that included the entire amount of medical expenses. The jury's question about insurance provides the reason for why this amount is too low.

When a judgment for a particular special damage is not consistent with the evidence, a new trial is required unless there is convincing evidence that the low

number is the result of a compromise on liability. As there is no evidence of a compromise relating to liability, a new trial for purposes of having another jury consider the evidence of reasonable medical bills is required by law.

### ii.   The Jury Verdict For Non-economic Damages is Inadequate.

The verdict for $500.000.00 for non-economic damages to K.B. must be deemed inadequate because the jury was not properly instructed on the element of pain and suffering called "loss of capacity to work and labor." An instruction that included the law that describes this element of damages was provided by the Plaintiffs as their Request To Charge number 29. (Doc. 140)

The Court refused to give Plaintiffs' Request To Charge number 29, or its own instruction on this element of damages, because, as best this writer can recall, it did not believe that there was expert testimony that K.B. would be limited in her ability to work and labor in the future and there was no proof of particular jobs she could not do. These would have perhaps been valid reasons if K.B. was seeking loss of earnings as an economic damage. But because she was seeking "loss of capacity to work and labor" as an element of non-economic damages, no such evidence was required. This is because there does not have to any proof of loss of earnings – "the only standard of measurement being the enlightened conscience of impartial jurors…." *E.g., Cagle Poultry v. Busick*, 110

Ga. App. 551, 553, 139 SE2d 461, 463 (1964); *Myrick v. Stephanos*, 220 Ga. App. 520, 472 SE2d 431 (1996).

Without being instructed that this element of damages was to be considered as part of K.B.'s pain and suffering damages, it was impossible for the jury to return a verdict for the entire amount of K.B.'s non-economic damages. The jury could not award the full value of K.B.'s pain and suffering without being instructed what to consider when in its deliberations. Nor could counsel argue these damages to the jury knowing that the instruction would not be given.

Impairment of ability to work and labor is an element of pain and suffering for which damages may be recovered by one who is physically injured by the negligence of another. It is the fact of impairment or loss of ability to work, with or without compensation, that is to be considered by the jury in determining the amount to be allowed for pain and suffering, and no evidence as to earnings is necessary in such calculation, the only standard of measurement being the enlightened conscience of impartial jurors.

*Railway Express Agency v. Standridge*, 68 Ga. App. 836, 837, 24 SE2d 504, 505 (1943). Damages for loss of capacity to work and labor are, as the court instructed, a part of the damage element of pain and suffering, and are not, in

any way dependent upon proof of facts showing that the plaintiff did in fact earn money. *Williams v. Vinson*, 104 Ga. App. 886, 123 SE2d 281 (1961).

In conclusion, this Court should enter an Order granting this motion for a new trial limited to the issues of damages.

This 12th day of May, 2015.

Respectfully submitted,

WARSHAUER LAW GROUP, P.C.


By: /s/  Michael J. Warshauer
Michael J. Warshauer
Georgia Bar No. 018720
mjw@warlawgroup.com
Trent Shuping
Georgia State Bar No. 159083
tss@warlawgroup.com

2740 Bert Adams Road
Atlanta, Georgia  30339
Telephone:  (404) 892-4900
Facsimile:   (404) 892-1020

## CERTIFICATE OF SERVICE

I hereby certify that I have filed **PLAINTIFFS' MOTION FOR NEW TRIAL ON DAMAGES** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John C. Amabile, Esq.
Schiff Hardin LLP
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA  30309

Jonathan Judge, Esq.
Davin M. Reust, Esq.
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL  60606

This 13th day of May, 2015.

By: /s/ Michael J. Warshauer
Michael J. Warshauer
Georgia Bar No. 018720

Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, Georgia 30339
(404) 892-4900

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1C (Book Antiqua, 13 pt.) for documents prepared by computer.

This 13th day of May, 2015.

By: /s/Michael J. Warshauer
       Michael J. Warshauer
       State Bar Number 018720